**UNITED STATES BANKUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s)                                                                Case No: 04-41910
Williams, Larry Milton
xxx-xx-1550
Williams, Janice Belinda
xxx-xx-4235

This plan, dated 8/31/2006, is:

☐ the *first* Chapter 13 plan filed in this case.
☒ a modified plan, which replaces the plan dated 2/3/2005.

The plan provisions modified by this filing are:

Modified plan to cure percentage problem. Plan remains at 100%. Plan has been extended from 39 months to 47 months. Payments have been decreased from $547.18 a month to $450.00 a month to be paid SEMI-MONTHLY. Changes were made to the following: 1, B3A, 5A,

Creditors affected by this modification are:

All Creditors.

**NOTICE: YOUR RIGHT WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contract my be granted, without further notice or hearing unless written objection is filed on or before 10 days prior to the confirmation hearing date and the objecting party appears at the confirmation hearing.**

   Date objection due:      10/11/2006
   Date and time of confirmation hearing: September 29, 2006 @ 9:30AM
   Place of confirmation hearing:   Chief Judge Tice's Courtroom
                 1100 East Main Street, Room 335
                 Richmond, VA

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: $46,468.10
   Total Non-Priority Unsecured Debt: $9,894.21
   Total Priority Debt:$1,754.00

Total Secured Debt: $52,342.49

**1.**     **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of $566.00 per month for 18 months.  Other payments to the Trustee are as follows: $450.00 a month for 29 months.  The total amount to be paid into the plan is $23,238.00.

**2.**     **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

        **A.**     **Administrative Claims under 11 U.S.C. § 1326.**

           1.     The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
           2.     Debtors(s)' attorney will be paid $1,754.00 balance due of the total fee of $1,500.00 and cost of $260.00.

        **B.**     **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other creditors or in monthly installments as below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
|  |  |  |  |

**3.**     **Secured Creditors and Motions to Value Collateral.**

This paragraph provides for claims of creditors who hold debts that (a) regardless of term, are being bifurcated into secured and unsecured portions, (b) do not have a term longer than the length of this plan, or (c) are not secured solely by the debtor(s)' principal residence.

**A. Collateral to be retained.** The following creditors shall retain their liens and be paid as indicated below.  Insurance will be maintained at the debtor(s)' expense, in accordance with the terms of the contract and security agreement.  The debtor(s) move to value the collateral as stated below.  The Trustee shall pay allowed secured claims the value stated below or the amount of the claim, whichever is less, with interest at the rate stated below from the date of confirmation until the secured claim is paid in full.  The excess of the creditor's claim over the stated value shall be treated as an unsecured claim.  Upon completion of the plan, the creditor shall release its lien and deliver any certificate of title to debtor(s).  **Unless a written objection to the value below is timely filed with the Court, the Court may determine that the collateral is worth the value stated.**  If a timely objection is filed, the value will be determined by the Court at the confirmation hearing.

| Creditor | Collateral Description | Collateral Value | Estimated Claim | Interest Rate | Monthly Payment and term* |
|---|---|---|---|---|---|
| City of Richmond | '02&'03 R/E Taxes | $1,907.27 | $1,907.27 | N/A | *$105.96 for 18 Months |

*These secured claims will be paid by the Trustee either on a fixed monthly basis as stated or pro rata with other secured claims.*

B. **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor may hold a non-priority, unsecured claim for a timely filed deficiency claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim |
|---|---|---|

4. **Unsecured Claims.**

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _100_%. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately _0_%.

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|

5. **Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

A. **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Beneficial / Household Finance | 1st Mortgage | $698.00 | $6,304.22 | N/A | 18 Months | $350.24 |
| Beneficial / Household Finance | 2ndMortgage | $113.00 | $931.00 | N/A | 18 Months | $51.73 |

      **B.**    **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

**6.**    **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

      **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| | |

      **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearage, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for arrears | Estimated cure period |
|---|---|---|---|---|
| | | | | |

**7.**    **Motions to Avoid Liens.**

      **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f)**. The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemption. **Unless written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption amount | Value of Collateral |
|---|---|---|---|---|
| | | | | |

  **B.**   **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of lien | Description of Collateral | Basis for Avoidance |
| --- | --- | --- | --- |
|  |  |  |  |

**8.**   **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.**   **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of plan. Nothwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.**   **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000.00 without approval of the court.

**11.**   **Other provisions of this plan:**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

IN RE: **Larry Milton Williams**                                    CASE NO **04-41910**
**Janice Belinda Williams**

                                                                    CHAPTER **13**

# SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | | |
|---|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | Age | Relationship |
| **Married** | | | | | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Maintenance Mechanic | Unemployed |
| Name of Employer | Lincoln Property Company Commercial | |
| How Long Employed | 90 Days | |
| Address of Employer | PO Box 1920<br>Dallas, TX 75221 | |

|  | *DEBTOR* | *SPOUSE* |
|---|---:|---:|
| **Income: (Estimate of average monthly income)** | | |
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $3,195.29 | $0.00 |
| Estimated monthly overtime | $124.32 | $0.00 |
| *SUBTOTAL* | **$3,319.61** | **$0.00** |
| LESS PAYROLL DEDUCTIONS | | |
| A. Payroll taxes (includes social security tax if B. is zero) | $547.58 | $0.00 |
| B. Social Security Tax | $241.26 | $0.00 |
| C. Medicare | $0.00 | $0.00 |
| D. Insurance | $170.62 | $0.00 |
| E. Union dues | $0.00 | $0.00 |
| F. Retirement | $0.00 | $0.00 |
| G. Other (specify) _____ | $0.00 | $0.00 |
| H. Other (specify) _____ | $0.00 | $0.00 |
| I. Other (specify) _____ | $0.00 | $0.00 |
| J. Other (specify) _____ | $0.00 | $0.00 |
| K. Other (specify) _____ | $0.00 | $0.00 |
| *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$959.46** | **$0.00** |
| *TOTAL NET MONTHLY TAKE HOME PAY* | **$2,360.15** | **$0.00** |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $0.00 |
| Income from real property | $0.00 | $0.00 |
| Interest and dividends | $0.00 | $0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | $0.00 |
| Social Security or other government assistance (specify) | $0.00 | $469.00 |
| Pension or retirement income | $0.00 | $0.00 |
| Other monthly income (specify below) | | |
| 1. _____ | $0.00 | $0.00 |
| 2. _____ | $0.00 | $0.00 |
| 3. _____ | $0.00 | $0.00 |
| *TOTAL MONTHLY INCOME* | **$2,360.15** | **$469.00** |

**TOTAL COMBINED MONTHLY INCOME  $2,829.15**          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:
**None.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

IN RE:  **Larry Milton Williams**            CASE NO  **04-41910**
**Janice Belinda Williams**

                                                  CHAPTER  **13**

# SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rental for mobile home) | $700.00 |
| Are real estate taxes included?   ☐ Yes   ☑ No | |
| Is property insurance included?   ☐ Yes   ☑ No | |
| **Utilities:**  Electricity and heating fuel | $100.00 |
|         Water and sewer | $150.00 |
|         Telephone | $60.15 |
|         Other: Natural Gas | $250.00 |
| Home maintenance (repairs and upkeep) | $80.00 |
| Food | $250.00 |
| Clothing | |
| Laundry and dry cleaning | $50.00 |
| Medical and dental expenses (not covered by insurance) | $52.00 |
| Transportation (not including car payments) | $100.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| Charitable contributions | |
| **Insurance**  (not deducted from wages or included in home mortgage payments) | |
|         Homeowner's or renter's | $80.00 |
|         Life | |
|         Health | |
|         Auto | $75.00 |
|         Other: | |
| Taxes (not deducted from wages or included in home mortgage payments) | $60.00 |
| Specify: Personal Property & Real Estat | |
| **Installment payments:** (In Chapter 12 and 13 cases, do not list payments included in the plan) | |
|         Auto: | |
|         Other: 2nd Mortgage | $102.00 |
|         Other: | |
|         Other: | |
| Alimony, maintenance, and support paid to others: | |
| Payments for support of add'l dependents not living at debtor's home: | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| Other:  Miscellaneous | $100.00 |
| Other: | |
| **TOTAL MONTHLY EXPENSES**  (Report also on Summary of Schedules) | **$2,209.15** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income                                                                $2,829.15
B. Total projected monthly expenses (including separate spouse budget if applicable)   $2,209.15
C. Excess income (A minus B)                                                                      $620.00
D. Total amount to be paid into plan each        *Semi-Monthly*        (interval)         Variable

Advance Financial Services, LLC
311 W. Franklin Street, Suite 108
Richmond, VA 23220

Allied Interstate
3200 Northline, Suite 160
Greensboro, NC 27408

Beneficial/household Finance
2700 Sanders Rd
Prospect Heights, IL 60070

Beneficial/household Finance
2700 Sanders Rd
Prospect Heights, IL 60070

Beneficial/household Finance
2700 Sanders Rd
Prospect Heights, IL 60070

Beneficial/household Finance
2700 Sanders Rd
Prospect Heights, IL 60070

Capital 1 Bk
11013 W Broad St
Glen Allen, VA 23060

City of Richmond - Tax
900 E. Broad St., Ste 100
Richmond, VA 23219

Corporate Collection
PO Box 22630
Cleveland, OH 44122-0630

Credit Management
4200 International Pkwy
Carrollton, TX 75007

Drs. Baum & Moore, DDS Inc
25 S. Nansemond Street
Richmond, VA 23221

Earthlink Inc.
PO Box 530580
Atlanta, GA 30353-0530

Feidler & Long, PLLC
1216 Prince Street
Alexandria, VA 22314

Hfc - Usa
P.o. Box 1547
Chesapeake, VA 23320

Household
PO Box 17574
Baltimore, MD 21297-1574

Jefferson Capital Systems, LLC
PO Box 23051
Columbus, GA 31902-3051

Krumbein & Associates, PLLC
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230

Lane Bryant
Po Box 182121
Columbus, OH 43218

Lerner
PO Box 659728
San Antonio, TX 78265

Lowes/mbga
Po Box 103065
Roswell, GA 30076

Midland Credit Mgmt
8875 Aero Dr
San Diego, CA 92123

**Signature:**

**Date:** _8/21/2006_____

/s/Williams, Larry Milton _____    /s/Charles H. Krumbein by & with permission of
**Debtor**                                                                                 Hartley E. Roush, VSB#30042
                                                                                                      Charles H. Krumbein, VSB#01234


/s/Williams, Janice Belinda_____
**Joint Debtor**


**Exhibits:**      **Copy of Debtor(s)' Budget (Schedules I and J);**
                       **Matrix of Parties Served with plan**


### Certificate of Service

     I certify that on  8/31/2006 , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service list.

                                              /s/Charles H. Krumbein by & with permission of
                                              Hartley E. Roush, VSB#30042
                                              Charles H. Krumbein, VSB#01234
                                              1650 Willow Lawn Drive, Ste 300
                                              Richmond, VA  23230
                                              (804) 673-4358

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In Re:  Case No: 04-41910
Williams, Larry Milton
xxx-xx-1550  Chapter 13
Williams, Janice Belinda
xxx-xx-4235
      Debtor(s)

**SPECIAL NOTICE TO SECURED CREDITOR**

**City of Richmond - Tax**

To: _____, Attn: _____
*Name of Creditor*
*2002 & 2003 Real Estate Taxes*

_____
*Description of collateral*

**Beneficial / Household Finance**

To: _____, Attn: _____
*Name of Creditor*
*1st Mortgage 2207 2nd Ave, Richmond, VA*

_____
*Description of collateral*

**Beneficial / Household Finance**

To: _____, Attn: _____
*Name of Creditor*
*2nd Mortgage 2207 2nd Ave, Richmond, VA*

_____
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (check one):

    ☑    To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

    Date objection due:    **10/11/2006**
    Date and time of confirmation hearing:    September 29, 2006 @ 9:30AM
    Place of confirmation hearing:    Chief Judge Tice's Courtroom
        1100 East Main Street, Room 335
        Richmond, VA

    Williams, Larry Milton
    Williams, Janice Belinda
    *Name(s) of Debtor(s)*

By: /s/Charles H. Krumbein by & with permission of__
Hartley E. Roush, VSB#30042
Charles H. Krumbein, VSB#01234
Attorney for Debtor(s)

       /s/Charles H. Krumbein by & with permission of__
Hartley E. Roush, VSB#30042
Charles H. Krumbein, VSB#01234
1650 Willow Lawn Drive, Ste 300
Richmond, VA  23230
(804) 673-4358
(804) 673-4350 *fax*

## CERTIFICATE OF SERVICE

I hereby certify that a true copies of the foregoing Notice and attached Chapter 13 plan and Related Motions were served upon the creditor noted above by

☑    first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐    certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this August 31, 2006.

       /s/Charles H. Krumbein by & with permission of__
Hartley E. Roush, VSB#30042
Charles H. Krumbein, VSB#01234

Attorney for Debtor(s)