UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:

LARRY MILTON WILLIAMS,
JANICE BELINDA WILLIAMS,

    Debtors.                                                                           Case No: 04-41910-DOT

BENEFICIAL MORTGAGE CO. OF VIRGINIA,

    Plaintiff,                                                                            Chapter 13

v.

LARRY MILTON WILLIAMS,
JANICE BELINDA WILLIAMS,
ROBERT E. HYMAN, Trustee,

    Defendants.

<u>CONSENT ORDER</u>

       The Motion of Beneficial Mortgage Co. of Virginia, for relief from the automatic stay having been heard, the Motion having been served on the Trustee, Attorney for the Debtors, and the Debtors, the Plaintiff, Attorney for the Debtors, and the Trustee having consented to the entry of this Order.

       UPON CONSIDERATION WHEREOF, it appearing to the Court that the parties herein

Melvin R. Zimm, VSB #18017
Patrick J. McKenna, VSB #31058
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
Attorneys for Beneficial Mortgage Co. of Virginia

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

have agreed to a resolution of this matter; that both Plaintiff herein and Debtors have agreed that inasmuch as Plaintiff herein has received the sum of $700.00 from Debtors on November 21, 2007, the Plaintiff herein has agreed to defer the remaining amount of post-petition mortgage arrearage payments and its attorney's fees and court costs owed for the months of July, 2007 through November, 2007 totaling $3,099.09 to the date of maturity of the Deed of Trust indebtedness due the Plaintiff and/or the date upon which full payment thereunder becomes due in the event of demand in the event of subsequent default; it is therefore

ORDERED that the Plaintiff, having agreed to defer payment of the July, 2007 through November, 2007 post-petition arrearages and its attorney's fees and court costs to the date of maturity of the Deed of Trust indebtedness due the Plaintiff and/or the date upon which full payment thereunder becomes due in the event of demand in the event of subsequent default; it is further

ORDERED that in the event the aforementioned payment of $700.00 received by Plaintiff, its successors and/or assigns, on November 21, 2007 is not successfully negotiated by the Plaintiff, its successors and/or assigns, the Plaintiff, its successors and/or assigns, shall be entitled to consider the aforementioned deferral of payment of the remainder of post-petition arrearages, fees and costs previously granted to the Debtors herein null and void and shall be entitled to immediate relief from the provisions of the automatic stays of the Bankruptcy Code with respect to the following described real property and improvements without further notice, hearing or Order of this Court including any act necessary to recover possession of same from the Debtors:

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

All that certain lot of land with dwelling thereon No. 2207 Second

2

Avenue, in that part of the City of Richmond, Virginia, known as Chestnut Hill, and described as follows:

Beginning on the Eastern line of Second Avenue at a point distant 75 feet North of Willow Street, thence extending Northwardly along the Eastern line of Second Avenue and fronting thereon 30 feet, thence from said front, extending Eastwardly at right angles and between parallel lines 140 feet to an alley 20 feet wide, being the North 1/2 of Lot 3 and the Southern 1/2/ of Lot 4 in Block 12 in Plan of Chestnut Hill, Plat Book 6, Page 83, Henrico Circuit Court.

it is further

ORDERED that the Debtors shall timely pay all other regular future post-petition mortgage payments due the Plaintiff, its successors and/or assigns, commencing with the December, 2007 payment; that upon any default in the Debtors' payment to the Plaintiff, its successors and/or assigns, of said regular future post-petition payable outside of the Debtor's Chapter 13 Plan commencing with the December, 2007 payment, the Plaintiff, its successors and/or assigns, shall be, and hereby are, allowed to submit a written notice of any such default by certified mail, return receipt requested, to the attorney for the Debtors with the request that any such default be cured by the Debtors within fifteen (15) days of the attorney for the Debtors' receipt of said notice. In the event the Debtors do not fully cure said default within the aforesaid fifteen (15) day period (which cure amount shall include the additional sum of $75.00 in attorney's fees and applicable certified mail costs to cover the expenses of preparation and transmittal of each of such written notice(s) of default), the Plaintiff, its successors and/or assigns, shall be entitled to immediate relief from the provisions of the automatic stays of the Bankruptcy Code without further notice, hearing or Order of this Court with regard to the aforementioned real property and improvements so that it may proceed to institute appropriate State Court foreclosure proceedings thereon including any act necessary to recover possession of same from the Debtors;

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

and, further, shall be entitled to consider the aforementioned deferral of payment of the remainder of post-petition arrearages, fees and costs previously granted to the Debtors herein null and void; it is further

ORDERED that in the event the Debtors default in the timely payment to the Plaintiff, its successors and/or assigns, of the regular future post-petition mortgage payments payable outside of the Debtors' Chapter 13 Plan, commencing with the December, 2007 payment, on more than two (2) future occasions during the pendency of the Debtors' Chapter 13 case, then in the event of the occurrence of a third future post-petition mortgage payment default, the Plaintiff, its successors and/or assigns, shall be entitled to consider the aforementioned deferral of payment of the remainder of post-petition arrearages, fees and costs previously granted to the Debtors herein null and void and shall be entitled to immediate relief from the provisions of the automatic stays of the Bankruptcy Code without further notice, hearing or Order of this Court with regard to the aforementioned real property and improvements so that it may proceed to institute appropriate State Court foreclosure proceedings thereon including any act necessary to recover possession of same from the Debtors; it is further

ORDERED that in the event the Plaintiff is granted relief from stay hereunder, the Plaintiff shall no longer receive distributions from the Chapter 13 trustee herein incident to any allowed secured claim filed by or on behalf of the Plaintiff respecting pre-petition arrearages due the Plaintiff on account of its indebtedness secured by the hereinabove mentioned real property and improvements; it is further

ORDERED that in the event the Plaintiff is granted relief from stay hereunder, the Plaintiff, its successors and/or assigns, agents and/or representatives, may send communications to the Debtors, including, but not limited to, notices required by applicable state law in

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

4

connection with applicable State Court foreclosure or other proceedings incident to the aforesaid real property and improvements including any proceedings necessary to recover possession of same from the Debtors; it is further

ORDERED that in the event the Plaintiff is granted relief from stay hereunder, the Plaintiff shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure sale of the hereinabove described real property and improvements under the Deed of Trust held by the Plaintiff and/or its successors and/or assigns and the trustee of any such Deed of Trust shall pay to the Chapter 13 Trustee herein any excess funds payable for the benefit of the Debtors received from such foreclosure sale, to be disbursed by the Chapter 13 Trustee upon agreement with the Debtors or upon further Order of the Court; it is further

ORDERED that any grant of stay relief pursuant to the provisions of this Order shall be binding upon the Debtors and any Trustee subsequently appointed incident to the conversion of this case to a case under any other chapter of the Bankruptcy Code; it is further

ORDERED that any grant of stay relief hereunder provided to the Plaintiff, its successors and/or assigns, shall not be stayed pursuant to the provisions of Rule 4001(a)(3) of the Bankruptcy Rules and that such grant of stay relief shall become immediately effective upon the events of default hereinabove specified; and it is further

ORDERED that a copy of this Order be forwarded to Melvin R. Zimm, attorney for Plaintiff, at Crown Center, Suite 600, 580 East Main Street, Norfolk, Virginia 23510; to William F. Seals, Attorney for Debtors, at Post Office Box 3358, Fredericksburg, Virginia 22402; to Hartley E. Roush, Attorney for Debtors, at 1650 Willow Lawn Drive, Suite 300, Richmond, Virginia 23230; to Robert E. Hyman, Trustee, at Post Office Box 1780, Richmond, Virginia 23218-1780; and to Larry Milton Williams and Janice Belinda Williams, Debtors, at 2207 2nd

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

Avenue, Richmond, Virginia 23222.

ENTER this 11th day of December , 2007.

/s/ Douglas O. Tice Jr.

JUDGE

Dec 11 2007

Notice of Judgment or Order entered:

12/11/07

I ask for this:

/s/ Melvin R. Zimm /s/ by Patrick J. McKenna
  With permission of Melvin R. Zimm
Melvin R. Zimm, Attorney for Plaintiff

Seen and agreed:

 /s/ Hartley E. Roush /s/
Hartley E. Roush, Attorney for Debtors

 /s/ Robert E. Hyman /s/
Robert E. Hyman, Trustee

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

### CERTIFICATE

I hereby certify that the foregoing Consent Order was endorsed by or on behalf of all necessary parties herein.

 /s/ Melvin R. Zimm /s/
Melvin R. Zimm

PARTIES TO RECEIVE COPIES:

6

Melvin R. Zimm, Esquire (via electronic transmittal)

Hartley E. Roush, Esquire
Krumbein & Associates, PLLC
1650 Willow Lawn Dr., Ste 300
Richmond, VA 23230

Robert E. Hyman, Esquire
Post Office Box 1780
Richmond, VA  23218-1780

Larry Milton Williams
Janice Belinda Williams
2207 2nd Avenue
Richmond, VA 23222

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 0422-7           User: luedecket           Page 1 of 1           Date Rcvd: Dec 11, 2007
Case: 04-41910                 Form ID: pdforder         Total Served: 2

The following entities were served by first class mail on Dec 13, 2007.
db         +Larry Milton Williams,    2207 2nd Avenue,   Richmond, VA 23222-4608
jdb        +Janice Belinda Williams,  2207 2nd Avenue,   Richmond, VA 23222-4608

The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 13, 2007**                    **Signature:** _Joseph Speetjens_